IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JAMES EARL RICO JONES, | ) | |
| | ) | |
| Plaintiff, | ) | 4:05cv3316 |
| | ) | |
| vs. | ) | ORDER |
| | ) | ON INITIAL REVIEW |
| LINCOLN POLICE DEPARTMENT, | ) | |
| | ) | |
| Defendant. | ) | |

      This matter is before the court for initial review of the complaint filed by the plaintiff, James Earl Rico Jones, who is proceeding pro se and in forma pauperis ("IFP"). The plaintiff asserts federal civil rights claims pursuant to 42 U.S.C. § 1983, alleging that he was subjected to false imprisonment and false by officers of the Lincoln Police Department.

### Police Department Means Claim Against the City

      At this time, the plaintiff has named the Lincoln Police Department as the only defendant in this case. However, the Police Department is not an entity which can be liable in its own name to the plaintiff. Construing the complaint liberally, the intended defendant is the City of Lincoln, Nebraska, which oversees the Police Department and is responsible for its operations. The Police Department itself and other departments or units within the City lack the capacity to sue or be sued in their own names.

### Municipal Liability

      It is important that the plaintiff understand the basis of a claim against the City, as opposed to a claim against individual people. The basis of a claim against a city or county ("municipal liability") lies only in cases where a municipal "policy" or "custom" causes a constitutional violation. A city or county, or its department(s) must have implemented an unconstitutional policy, or allowed an unconstitutional custom, which proximately caused injury to the plaintiff's rights. In other words, a city or county may not be held liable merely because one of its employees violated the plaintiff's civil rights. The city or county, acting through one of its agencies or department(s), must have implemented an unconstitutional policy, or allowed an unconstitutional custom, which was a direct cause of injury to the plaintiff's rights.

### PLRA

      The Prison Litigation Reform Act ("PLRA") applies to lawsuits brought by prisoners. However, in this case, the plaintiff does not complain of prison conditions. Instead, the substance of the plaintiff's complaint relates to pre-incarceration events. Therefore, some

parts of the PLRA do not apply to this litigation.

This case is assigned to Chief Judge Joseph F. Bataillon. However, a Magistrate Judge may conduct initial review. Having reviewed the complaint, I find that this case need not be dismissed on initial review. Therefore, as initial review of the complaint is now completed, it is time for the plaintiff to obtain service of process on the defendant, as set forth below. Because the plaintiff is proceeding IFP, the U.S. Marshal will undertake service of process on the plaintiff's behalf, without cost to the plaintiff, after the plaintiff completes the appropriate forms.

IT IS THEREFORE ORDERED:

1. To obtain service of process on the defendant, the plaintiff must complete and return forms which the Clerk of Court will provide. The Clerk of Court is directed to provide the plaintiff with summons and 285 forms and a copy of this order.

2. In completing the forms, the plaintiff shall comply with Neb. Rev. Stat. § 25-510.02(2), which states, regarding service of summons on Nebraska political subdivisions: "Any county, city, or village of this state may be served by personal, residence, or certified mail service upon the chief executive officer, or clerk." Therefore, the City may be served at the address of the Lincoln City Clerk or Mayor, either of which the plaintiff may obtain from a telephone directory.

3. The plaintiff shall, as soon as possible, send the completed summons and 285 forms back to the Clerk of Court. In the absence of the completed forms, service of process cannot occur.

4. Upon receipt of the completed summons and 285 forms, the Clerk will sign the summons, to be forwarded, together with a copy of the complaint, to the U.S. Marshal for service of process. The Marshal shall serve the summons and complaint without payment of costs or fees. Service may be by mail pursuant to Fed. R. Civ. P. 4 and Nebraska law in the discretion of the Marshal.

5. Fed. R. Civ. P. 4 requires service of the complaint on a defendant within 120 days of filing the complaint. However, because in this order the plaintiff is informed for the first time of these requirements, the plaintiff is granted, sua sponte, an extension of time until 60 days from the date of this order in which to return the completed forms for service of process. The plaintiff is hereby notified that failure return the completed forms by that deadline may result in dismissal of this matter without further notice.

6. If the forms for service of process have not been returned by the deadline set forth above, the Clerk of Court shall bring this case to the attention of the court.

7. After an appearance has been filed by the defendant, the plaintiff shall serve on the defendant or, if an appearance has been entered by counsel, upon such counsel,

a copy of every future pleading, letter or other document submitted to the court. Parties usually serve copies of documents on other parties by first class mail.

8.    The plaintiff shall include with each document submitted to the court a "Certificate of Service" stating the date a true and correct copy of such document was mailed to the defendant or to the attorney of any represented defendant. To send communications to the court without sending a copy to the other parties to the case violates the rules of court.

9.    A defendant has twenty (20) days after receipt of the summons to answer or otherwise respond to the complaint.

10.   The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this court in the prosecution of this case.

11.   The plaintiff shall keep the court informed of his current address at all times while this case is pending.

DATED this 18th day of May, 2006.

                        BY THE COURT:


                        s/ F. A. GOSSETT
                        United States Magistrate Judge